UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

GILBERTO MEDINA,

    Plaintiff,

v.

HABITAT FOR HUMANITY OF BROWARD, INC., a Florida Not for Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, GILBERTO MEDINA ("MEDINA" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, HABITAT FOR HUMANITY OF BROWARD, INC. (hereinafter "TCL" or "Defendant") and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Age Discrimination in Employment Act of 1964 ("ADEA"), 29 U.S.C. §§ 621, *et. seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1376.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

1

## PARTIES

5.  Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise sui juris. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a Fund Development Data and Annual Giving Associate.

6.  Plaintiff is an individual over 40 years of age, and is a member of a class protected under the ADEA and the FCRA because the terms, conditions, and privileges of his employment were altered due to his age, and/or in retaliation.

7.  Defendant is a Florida Not for Profit Corporation registered to do business within Florida, with its principal place of business in Fort Lauderdale, Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.  Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA, Fla. Stat. §760.02(7).

9.  At all times relevant hereto, Defendant was a covered employer under the ADEA, 29 U.S.C. § 630(b), in that it employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year during the relevant time period and because Defendant's business is engaged in the transporting, handling or otherwise working with or on goods that have been moved in or produced for commerce, as defined in the ADEA, 29 U.S.C. § 630(g).

10. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission

("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

11. Plaintiff filed his charge on or about April 29, 2022, which was no more than 300 days after the last discriminatory event occurred, to wit: August 5, 2021.

12. Plaintiff was issued a Notice of Suit Rights on November 16, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

13. Plaintiff worked for Defendant as a Fund Development Data and Annual Giving Associate from on or about July 1, 2019 until his termination on August 5, 2021.

14. Plaintiff is a 60-year-old male.

15. On or about August 5, 2021, Plaintiff was advised that he and the other two employees in his department were terminated due to a reduction in force, which was pretextual.

16. The other two employees terminated along with Plaintiff were also over forty (40) years old.

17. No one under the age of fifty-five (55) years old was terminated due to the reduction in force on or around August 5, 2021.

18. Immediately after Plaintiff's termination, Defendant hired a younger person to handle at least some of the same duties and responsibilities that Plaintiff and his co-workers were performing prior to their termination.

19. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's age was, at minimum, a motivating factor in Defendant's decision for his termination[1].

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

20. Plaintiff never received any write-ups or any other form of discipline before his termination.

21. Plaintiff found out after his termination that he was replaced by someone younger.

22. Defendant did not treat other similarly situated employees similarly who were either (a) younger that forty (40) years old.

23. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I: VIOLATION OF THE ADEA
## (DISCRIMINATION)

25. Plaintiff re-alleges and re-avers paragraphs 1 – 24 as fully set forth herein.

26. This is an age discrimination action which arises under the provisions of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

27. Plaintiff belongs to the class protected under the ADEA because he was over 40 years of age at the time of his termination.

28. On August 5, 2021, Plaintiff was advised that he was terminated due to a reduction in force, which was pretextual.

29. Plaintiff was terminated along with two other co-workers, both of whom were over the age of forty (40).

30. No one younger than forty (40) was terminated as a result of the reduction in force.

31. Immediately after Plaintiff's termination, Defendant hired someone younger to handle at least some of the same duties and responsibilities that were being performed by Plaintiff and his two fellow co-workers that were also terminated.

32. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the ADEA as a direct result of Defendant's discriminatory actions.

33. Plaintiff, based on information and belief, alleges that Defendant, acted with intentional disregard for Plaintiff's rights as a person over forty (40) years of age, who is protected under the ADEA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff GILBERTO MEDINA requests judgment for:

   a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the ADEA, all as provided in 29 U.S.C. § 626;
   b. Interest on the amount found due;
   c. Liquidated damages pursuant to 29 U.S.C. § 626 (b);
   d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and
   e. Such other relief as the Court deems just and proper.

## COUNT II: VIOLATION OF THE FCRA
## (DISCRIMINATION BASED ON AGE)

34. Plaintiff re-alleges and re-avers paragraphs 1 – 24 as fully set forth herein.

35. Plaintiff is a member of a protected class under the FCRA, §§ 760.01-760.11, based on his age, 40 years of age or older, and because the terms and conditions of his employment were altered due to his age.

36. On August 5, 2021, Plaintiff was advised that he was terminated due to a reduction in force, which was pretextual.

37. Plaintiff was terminated along with two other co-workers, both of whom were over the age of forty (40).

38. No one younger than forty (40) was terminated as a result of the reduction in force.

39. Immediately after Plaintiff's termination, Defendant hired someone younger to handle at least some of the same duties and responsibilities that were being performed by Plaintiff and his two fellow co-workers that were also terminated.

40. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

41. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff GILBERTO MEDINA requests judgment for:

   a. Past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    b. Interest on the amount found due;

    c. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GILBERTO MEDINA hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 10, 2023

                            LAW OFFICES OF CHARLES EISS, P.L.
                            Attorneys for Plaintiff
                            7951 SW 6th Street, Suite 112
                            Plantation, Florida 33324
                            (954) 914-7890 (Office)
                            (855) 423-5298 (Facsimile)

         By:    /s/ Charles M. Eiss
                            CHARLES M. EISS, Esq.
                            Fla. Bar #612073
                            chuck@icelawfirm.com
                            JORGE GONZALEZ, Esq.
                            Fla. Bar #1038146
                            jorge@icelawfirm.com